UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD RAYSHAWN WOODS,

                       Plaintiff,                          Case No. 2:24-cv-12371

v.                                           Honorable Susan K. DeClercq
                                           United States District Judge

DETROIT POLICE DEPARTMENT,

                       Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 10)**

Plaintiff Gerald Woods alleges that in September 2021, he was severely beaten by Detroit Police Department (DPD) officers at his home. He was then arrested, charged with two felonies, and held for more than 24 hours, before being released onto the street without medical attention once police investigated his case. Years later, he sued DPD, seeking millions of dollars in damages for the alleged trauma and mental anguish these events caused him. But crucially, he sued one day after the statutory limitations period expired. Thus, his claim must be dismissed.

## I.  BACKGROUND

The following factual allegations come from Woods's handwritten complaint, which contains only two pages of substantive facts. ECF No. 1. At the motion-to-dismiss stage, they must be accepted as true, and all reasonable

inferences must be drawn in his favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

On September 6, 2021,[1] Woods's mother died. ECF No. 1 at PageID.5. That same night, DPD officers came to Woods's house and "brutally beat" him for two to three minutes. *Id*. In Woods's words, up to eight officers treated him to a "UFC style beating and slams just a few feet away from [his] mother's dead body." *Id*. at PageID.6. The officers then handcuffed Woods, brought him out of the house, and locked him in a squad car. *Id*. at PageID.5. Inside the car, Woods used the "Siri" feature to call 911 on one of the officer's phones, and more officers were dispatched to the house. *Id*. But none of the dispatched officers intervened. Instead, Woods was taken to jail and denied medical attention. *Id*. He was charged with two felonies, held for over 24 hours, and released only after additional officers investigated his claims. *Id*.

---

[1] In his Response, Woods states—for the first time—that the date of the incident was September 6, 2022, *not* 2021. ECF No. 12 at PageID.37. However, this Court must treat the incident date as September 6, 2021, for three reasons. First, at the motion-to-dismiss stage, this Court must consider only those facts alleged in the complaint and the reasonable inferences stemming from those facts. *Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378, 399 (6th Cir. 2013). And here, the complaint alleged an incident date of September 6, 2021, *not* 2022. ECF No. 1 at PageID.5. Second, if the incident date in the complaint was a drafting error, Woods could have moved to amend his complaint, but did not do so. *Id*. ("[T]he appropriate method for adding new factual allegations is . . . by filing an amended complaint." (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006)). Third, the rest of the response focuses on tolling issues, which suggests that it was not Woods's position that the incident occurred in 2022. *See generally* ECF No. 12.

Three years and one day later, on September 7, 2024, Woods sued the DPD under 42 U.S.C. § 1983 for violations of his Fourth, Eighth, and Fourteenth Amendment rights. ECF No. 1. Woods claims that the September 6, 2021, incident left him "completely traumatized," "mentally damaged and impaired," and "unable to support [him]self or [his] family." *Id.* at PageID.6. For these reasons, he seeks $3.7 million in actual or punitive damages.[2] *Id.* He signed his complaint on September 6, 2024, but did not file it until the next day. *Id.*

Defendant DPD moved to dismiss on November 25, 2024. ECF No. 10. The matter has been fully briefed. ECF Nos. 12; 13. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2).

## II. STANDARD OF REVIEW

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert*, 517 F.3d at 439 (6th Cir. 2008).

The complaint is sufficient if it "pleads factual content that allows the court

---

[2] Woods also notes in his complaint, "I want the officers charged for their crimes against me." ECF No. 1 at PageID.6. However, "[t]he authority to initiate a criminal complaint rests with state and federal prosecutors," not with the courts. *Massey v. Edmonson Cnty. Soc. Servs. Bureau*, No. CIV.A. 1:06CV-13-M, 2006 WL 2583361, at *8 (W.D. Ky. Sept. 6, 2006). Accordingly, this Court is powerless to grant this requested relief.

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). If not, the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## III.   ANALYSIS

DPD argues that Woods's complaint must be dismissed for three reasons: (1) Woods's claims are barred by the applicable statute of limitations; (2) DPD is not amenable to suit; and (3) Woods did not properly serve DPD. ECF No. 10 at PageID.30–33. Because the first argument suffices to dismiss Woods's claims, it will be the only one addressed below.

Although § 1983 creates a federal cause of action, courts must look to the law of the state in which the cause of action arose to determine the applicable statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In particular, the limitations period for a § 1983 claim is "that which the State provides for personal-injury torts." *Id.* Here, the cause of action arose in Michigan, where the personal-injury statute of limitations is three years. MICH. COMP. LAWS § 600.5805(2). Michigan defines "years" as calendar years rather than periods of 365 days, MICH. COMP. LAWS § 8.3j, and excludes the first day in a given period for the purposes of statutes of limitations, *id.* §8.6. In such a statutory scheme, this means that the limitations period extends until 11:59 PM on the same calendar date that the cause

of action accrued, three years later. *See Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997) (applying analogous Tennessee law). Therefore, Woods had to file his complaint by September 6, 2024. Woods' complaint, filed one day late, is barred by the statute of limitations. *See id.* at 400.

Woods appears to raise two arguments as to why his claim should not be barred, but both are unavailing. First, he notes that within the limitations period, he made complaints with the Michigan Department of Civil Rights (MDCR) and the DPD. ECF No. 12 at PageID.37. Second, he notes that under Mich. Comp. Laws § 600.5856(a), the statute of limitations is tolled upon the filing of the complaint if the complaint is then timely served. *Id.* at PageID.37–39. Unfortunately for Woods, neither of these arguments address the central issue here: the complaint was untimely.

To the first point, even assuming that Woods filed citizen "complaints" with MDCR and DPD, neither was a complaint of the sort contemplated by the statute of limitations. MICH. COMP. LAWS § 600.5805(1). Rather, the statute of limitations here applies to "an action to recover damages for injuries." *See id.* And under both Federal and Michigan court rules, an action "is commenced by filing a complaint with a court." Mich. Ct. R. 2.01(B); FED. R. CIV. P. 3 (same). Thus, there is no question that Woods failed to file his "action to recover damages" before the statute of limitations expired.

To the second point, the tolling provision of § 600.5856(a) does not create an exception for late filings. Rather, § 600.5856(a) only clarifies that if a complaint is filed *before* the limitations period expires, and the defendant is later served within the time permitted by the Michigan Court Rules, then the case is timely even if the defendant was served *after* the limitations period expired. But such a situation does not exist here. Instead, Woods filed his complaint outside of the limitations period, which means that this tolling provision does not apply.

Still, Woods might have intended these two arguments to be read in tandem—that is, that his filing of citizen complaints tolled the statute of limitations, thus allowing him to file his legal complaint one day late. *See generally* ECF No. 12. However, as discussed above, the tolling provision applies to the time for service of a timely-filed complaint, and in the context of Michigan's statutory scheme, that specifically means a complaint that was timely filed *in court*. His citizen complaints thus did not toll the statutory period.

In sum, no exceptions apply that would render Woods's complaint timely filed. Defendant's motion will therefore be granted, and the complaint will be dismissed.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 10, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is

**DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case**.

> */s/Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: July 8, 2025